IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| ORIGHOYE DENNIS IYONSI, | CIV. NO. 19-00430 JMS-RT |
|---|---|
| Plaintiff, | ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) HOLDING IFP APPLICATION IN ABEYANCE PENDING THE FILING OF AN AMENDED COMPLAINT |
| vs. | |
| WAL-MART, INC., | |
| Defendant. | |

**ORDER (1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (2) HOLDING IFP APPLICATION IN ABEYANCE PENDING THE FILING OF AN AMENDED COMPLAINT**

**I. INTRODUCTION**

On August 12, 2019, pro se Plaintiff Orighoye Dennis Iyonsi ("Plaintiff") filed a document titled "Brief for the United States as Amicus Curiae," which the court construes as a complaint ("Complaint"), and an application to proceed in forma pauperis ("IFP Application"). ECF Nos. 1-2. For the reasons set forth below, the court DISMISSES the Complaint with leave to amend because Plaintiff has not established standing to assert his claims in federal court. The court holds in abeyance Plaintiff's IFP Application pending the filing of an amended complaint.

## II. BACKGROUND

Plaintiff's Complaint is confusing and contains few discernible facts. Based on the caption, title, format, and attached documents, it is not clear whether Plaintiff is attempting to appeal the July 17, 2019 dismissal by the Hawaii Supreme Court of a similarly-titled petition, or to assert new claims. *See* ECF No. 1 at PageID #1 (caption identifying this court both as "The United States Federal District Court of Hawaii" and "The State of Hawaiʻi of Appeals for the Federal District Circuit Court"); *id.* at PageID #1, 5 (titling his pleading as a "Brief"); *id.* at PageID #2 (including a section titled "Questions Presented"); *id.* at PageID #13 (attaching a "Notice of Appeal"); and *id.* at PageID #15 (attaching a July 17, 2019 order by the Hawaii Supreme Court denying a petition also titled "Brief for the United States as Amicus Curiae"). This court is not an appellate court and lacks jurisdiction to hear appeals of state court rulings, thus the court liberally construes Plaintiff's pleading not as an appeal, but as a complaint asserting claims on his behalf.

So construed, as best as the court can discern, the Complaint alleges that Defendant Wal-Mart, Inc. ("Wal-Mart") places refunds for returned goods that were purchased by credit card or debit card back on those cards, or, if the card is not present, on a store gift card, or, if purchased with a debit card, under certain circumstances, cash may be provided. ECF No. 1 at PageID #10-11. The

Complaint implies that Wal-Mart restricts purchases made by Electronic Benefit Transfer ("EBT") cards and does not apply the same refund policies for returned goods purchased by EBT cards.[1] The Complaint alleges that Wal-Mart discriminates against EBT card holders in violation of the card holders' unspecified constitutional rights and federal antitrust law set forth in 15 U.S.C. Chapter 1. Plaintiff does not seek any specific relief.

### III. STANDARDS OF REVIEW

The court must screen the Complaint for each civil action commenced pursuant to 28 U.S.C. § 1915(a), governing IFP proceedings. The court must sua sponte dismiss a complaint or claim that is "frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim).

Screening under § 1915(e)(2) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain

---

[1] Individuals receiving food stamps generally access those benefits through EBT cards.

3

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (recognizing that a complaint that fails to allege a cognizable legal theory or alleges insufficient facts under a cognizable legal theory fails to state a plausible claim) (citing *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). However, although the court must accept as true allegations of material fact, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014) (citing *Iqbal*, 556 U.S. at 678). That is, conclusory statements, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," and factual allegations that only permit the court to infer "the mere possibility of misconduct" fall short of meeting the plausibility standard. *Iqbal*, 556 U.S. at 678-79; *see also Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

In addition, Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . and . . . "a demand for the relief sought," and that "[e]ach allegation . . . be simple, concise, and direct." Fed R. Civ. P. 8(a)(2)-(3), (d)(1). That is, to state a plausible claim, a plaintiff must allege a factual and legal

4

basis for each claim, such that each defendant is provided fair notice of what each claim is and the grounds upon which each claim rests. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *Twombly*, 550 U.S. at 556-57, 562-563. The court may dismiss a complaint for violation of Rule 8 if a defendant would have difficulty responding to its claims, *see Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011), even if the complaint is not "wholly without merit," *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Further, the court may dismiss *sua sponte* a complaint for lack of subject matter jurisdiction. *Fiedler v. Clark*, 714 F.2d 77, 78-79 (9th Cir.1983); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003) ("[I]nquiring whether the court has jurisdiction is a federal judge's first duty in every case."); *Bernhardt v. Cty. of L.A.*, 279 F.3d 862, 868 (9th Cir. 2002) ("Federal courts are required sua sponte to examine jurisdictional issues such as standing.") (citations omitted); Fed. R. Civ. P. 12(h)(3).

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (per curiam). The court must grant leave to amend if a pro se plaintiff might be able to correct the defects in the complaint, *Lopez*, 203 F.3d at1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is

appropriate, *Sylvia v. Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## IV. **DISCUSSION**

Plaintiff's Complaint is deficient in several respects. First, and most fundamentally, Plaintiff has failed to establish that he has standing to assert his claims. Second, the Complaint fails to comply with Rule 8. Third, the Complaint fails to state a plausible claim for relief. The court addresses these points in turn.

**A.** **Standing**

Article III, Section 2 of the United States Constitution limits the jurisdiction of federal courts to justiciable "Cases" and "Controversies." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014). Article III's case-or-controversy provision includes the requirement that a plaintiff have "[s]tanding to sue." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). To establish standing, a plaintiff must show that he has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Id.* (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)); *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)). Where a plaintiff lacks constitutional standing, a suit "is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *City of Oakland v. Lynch*, 798 F.3d 1159, 1163 (9th Cir.

6

2015) (quoting *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004)) (quotations omitted); *City of L.A. v. Kern*, 581 F.3d 841, 845 (9th Cir. 2009).

At the pleading stage, a plaintiff meets his burden by "clearly . . . alleg[ing] facts demonstrating each element." *Spokeo, Inc.*, 136 S. Ct. at 1547 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975) (quotation marks omitted)). To establish an injury in fact, Plaintiff must show that he "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Id.* at 1548 (quoting *Lujan*, 504 U.S. at 560)). And for an injury to be particularized, "it 'must affect the plaintiff in a personal and individual way.'" *Id.*

Here, the Complaint fails to allege facts establishing that Plaintiff has standing to assert his claims. The Complaint does not allege that Plaintiff suffered any concrete and particularized harm caused by a Wal-Mart policy or a Wal-Mart official or employee's conduct. That is, the Complaint does not allege that Plaintiff has an EBT card and was unable to make a purchase at Wal-Mart with an EBT card, or attempted to get a refund for a returned item he purchased at Wal-Mart with an EBT card. In fact, the Complaint fails to allege that Plaintiff suffered *any* specific harm.

Because Plaintiff has failed to allege an injury in fact, he fails to establish standing. And because he failed to establish standing, this court lacks

7

subject-matter jurisdiction. *See Lynch*, 798 F.3d at 1163; *Kern*, 581 F.3d at 845. Thus, the Complaint is DISMISSED for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

**B.      Failure to Comply with Rule 8**

In addition, the Complaint fails to comply with Rule 8. The Complaint does not contain a short, plain statement of Plaintiff's claims. Rather, the Complaint quotes portions of the United States Code—31 U.S.C. § 5103 (defining legal tender) and 15 U.S.C. §§ 1-4, 13(b) (federal antitrust statutes)—and links those quotes with conclusory and unsupported assertions concerning EBT cards.[2] But these conclusory factual and legal assertions fail to provide any

---

[2] For example, the Complaint alleges:

> [P]ursuant to 31 U.S.C. § 5103,] "United States coins and currency (including Federal reserve notes and circulating notes of Federal reserve banks and national banks) are legal tender . . . ." If I have enough coins to pay for a transaction without a cheque, case or card, it suffices and as a result is resolute with the constitutional requirements for transactions; without coins, cheque or cash, it suffices with a card and without a cheque, it suffices with either of the aforementioned list and according to [15 U.S.C. §] 13(b) alluding to services, it states "Upon proof being made, at any hearing on a complaint under this section, that there has been discrimination in price or services or facilities furnished, the burden of rebutting the prima-facie case thus made by showing justification shall be upon the person charged with a violation of this section . . . by showing that his lower price or the furnishing of services or facilities to any purchaser or purchasers was made in good faith to meet an equally low price of a competitor, or the services or facilities furnished by a competitor" with respects to Card payments as either a Legal Tender or a Conveyor thereof reconciling the constraints imposed on an Electronic Benefit

(continued . . . )

justification for relief. That is, the Complaint fails to comply with Rule 8's requirement that it set forth a legal claim along with factual allegations from which the court could draw the reasonable inference that Wal-Mart is liable to Plaintiff for such claim.

For example, the Complaint fails to allege any *facts* concerning Plaintiff's use of EBT cards at Wal-Mart, or of any specific incidents of discrimination or violation of antitrust laws by Wal-Mart. As a result, Wal-Mart cannot reasonably respond to Plaintiff's claims. *See Cafasso*, 637 F.3d at 1058-59 (collecting cases upholding dismissal pursuant to Rule 8 where pleadings were confusing, ambiguous, unintelligible, and such that a defendant would have difficulty responding to its claims); *see also McHenry*, 84 F.3d at 1180 ("Something labeled a complaint but written . . . without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."). Nor does the Complaint comply with Rule

---

Transfer (EBT) as opposed to a Debit Card, Credit Card or any other forms of card payment carrying the same functionality in serving as a quantity negating Legal Tender measure or a Legal Tender resulting in a discrimination in services and trade. Now, this argument isn't to excise the coinage or the legal tender act but to affirm the continuity of those acts as legal tenders and if they are indeed deemed legal tenders in its transactional obligations, then it is assumed to be a legal tender. . . .

ECF No. 1. at PageID #7.

8's requirement that it include a demand for specific relief. Thus, the Complaint is DISMISSED for failure to comply with Rule 8.

C.  **Failure to State a Claim**

Moreover, the Complaint fails to state plausible claims for violation of unspecified constitutional rights and/or the specified antitrust statutes.

   1.  *Plaintiff Cannot Represent Other EBT Card Holders*

The Complaint alleges that Wal-Mart has violated the constitutional rights of EBT card holders. But Plaintiff is proceeding pro se and therefore lacks authority to represent the legal interest of any other party. *See Simon v. Hartfield Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities.") (citation omitted); *see also* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."). Thus, to the extent Plaintiff may be attempting to assert claims on behalf of other EBT card holders, such claims fail.

   2.  *42 U.S.C. § 1983 Claims for Violation of Constitutional Rights*

Second, to state a claim under 42 U.S.C. § 1983, Plaintiff must allege both (1) "the deprivation of a right secured by the federal Constitution or statutory law," and (2) "that the deprivation was committed by a person acting under color

of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Section 1983 also requires that Plaintiff allege he suffered a specific injury as a result of a particular defendant's conduct, and an affirmative link between the injury and the violation of her rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

Wal-Mart is a private corporation. *See Hunter v. Odegnko*, 2019 WL 3779980, at *2 (D. Idaho Aug. 9, 2019); *Angel v. Wal-Mart Stores, Inc.*, 2010 WL 3951997, at *7 (D. Haw. Oct. 6, 2010). A private party may, under limited circumstances, act under the color of state law when "he is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). The Ninth Circuit recognizes "at least four different criteria, or tests, used to identify state action: '(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus.'" *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835-36 (9th Cir. 1999)). But under any of the four tests, "the central question remains whether the alleged infringement of federal rights [is] fairly attributable to the government." *Id.* at 1096 (internal quotations omitted).

Even liberally construed, the Complaint fails to allege any *facts* to show that Wal-Mart met any of the four tests identifying state action, or is otherwise a state actor. Therefore, to the extent Plaintiff asserts § 1983 claims for

11

violation of constitutional rights, such claims fail. *See Anderson*, 451 F.3d at 1067; 42 U.S.C. § 1983.

### 3. *Claims for Violation of Antitrust Statutes, 15 U.S.C. §§ 1-4, 13*

Combinations in restraint of interstate commerce, attempts to monopolize any part of interstate trade or commerce, and price discrimination in interstate commerce or trade are prohibited by the Sherman Anti-Trust Act, 15 U.S.C. § 1, et seq., and Robinson-Patman Act, 15 U.S.C. § 13. The Complaint fails to allege any facts whatsoever to support a claim that Wal-Mart has violated these federal antitrust statutes.

In sum, Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim.

### D. Leave to Amend

Plaintiff may be able to allege facts sufficient to establish standing. And although unlikely, he may be able to allege facts sufficient to state a claim. Thus, the court GRANTS Plaintiff leave to amend his Complaint by October 25, 2019, to attempt to cure the deficiencies set forth above.

If Plaintiff chooses to file an amended complaint, he must write short, plain statements telling the court: (1) the constitutional or statutory right Plaintiff believes was violated; (2) the specific basis of this court's jurisdiction; (3) the name of the defendant who violated that right; (4) exactly what that defendant did

or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's rights; and (6) what specific injury Plaintiff suffered because of that defendant's conduct. Plaintiff must repeat this process for each person or entity he names as a defendant. If Plaintiff fails to affirmatively link the conduct of each named defendant with the specific injury he suffered, the allegation against that defendant may be dismissed for failure to state a claim.

An amended complaint generally supersedes a prior complaint and must be complete in itself without reference to the prior pleading. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled in part by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). Claims dismissed without prejudice that are not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey*, 693 F.3d at 928 (stating that claims dismissed with prejudice need not be repled in an amended complaint to preserve them for appeal, but claims that are voluntarily dismissed are considered waived if they are not repled).

The amended complaint must state that it is the "First Amended Complaint," and it may not incorporate any part of the original Complaint by reference, but rather, any specific allegations must be retyped or rewritten in their entirety. Plaintiff may include only one claim per count. Failure to file an

amended complaint by October 25, 2019 will result in automatic dismissal of this action.

## V. **CONCLUSION**

Based on the foregoing:

(1) Plaintiff failed to establish standing to sue and therefore, his Complaint is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3) for lack of jurisdiction;

(2) Plaintiff's Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim;

(3) Plaintiff is GRANTED leave to file an amended complaint, as permitted by this Order, on or before October 25, 2019; and

(4) Plaintiff's IFP Application is held in abeyance pending the filing of an amended complaint. Failure to file an amended complaint by October 25, 2019 will result in automatic dismissal of this action without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 23, 2019.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Iyonsi v. Wal-Mart, Inc.*, Civ. No. 19-00430 JMS-RT, Order (1) Dismissing Complaint With Leave to Amend; and (2) Holding IFP Application in Abeyance Pending the Filing of an Amended Complaint